274 So.2d 614

**Walter Ray HART**

v.

**The STATE of Alabama.**

**SC 274.**

Supreme Court of Alabama.

March 15, 1973.

148

———◆———

Alton L. Turner, Luverne, for appellant.

William J. Baxley, Atty. Gen., and Randall L. Cole, Sp. Asst. Atty. Gen., for the State, appellee.

FAULKNER, Justice.

This case presents the inexplicable mystery of recidivism. Why does a man, despite repeated warnings and repeated punishments, return again and again to the activity which gets him into trouble?

Walter Ray Hart had been convicted of illegal distilling and had served time in the penitentiary. In 1972 he was again arrested for illegal distilling and again convicted. On September 5, 1972, the trial judge decided not to impose a two-year penitentiary sentence for this second conviction. He placed the defendant on probation with a severe warning:

> "THE COURT: * * * I am going to suspend the execution of the sentence term, and I am going to place you on probation for the term of five years. And, one of the conditions of your probation is that you get out of the whiskey business. Now, if, at any time during this five year period, it comes to my attention that you are in the whiskey business or have anything to do with it I am going to revoke this probation and let you go serve that two years.

> "MR. HART: Yes, sir.

> "THE COURT: Even if it's on the last day of your five year probation. Do you understand that?

> "MR. HART: Yes, sir."

There was no need to wait five years for matters to come to a head. Exactly forty-three days later, at 2:30 in the morning of October 18, agents caught the defendant once again operating an illegal distillery.

The trial judge ordered revocation of probation, and reimposed the original two-year penitentiary sentence. Defendant appealed to the Alabama Court of Criminal Appeals. On February 28, 1973, the cause was transferred to this court by authority of Title 13, § 111(1ia), Code of Alabama 1940, Recompiled 1958.

The sole contention advanced on appeal is that defendant has high blood pressure, and that his confinement to the penitentiary would violate the Cruel and Unusual Punishment clauses of the Alabama and United States Constitutions. (Article 1, § 15, Alabama Constitution; Amendment VIII, United States Constitution.) He cites the case of Newman v. State, 349 F. Supp. 278 (M.D.Ala.1972), to contend that the standard of medical care in the penitentiary is so low as to deprive him of his constitutional rights.

We think appellant's argument too speculative. There is no showing that the alleged shortcomings in medical care in the penitentiary relate to appellant's particular problem, that the situation has not improved since the ruling of the Federal District Court for the Middle District of Alabama, or that appellant could not seek appropriate relief if the potential violations of his rights ever materialized. We cannot discover present error in allegations of a remote future possibility, or agree that a penitentiary sentence in Alabama is unconstitutional *per se*.

We have carefully reviewed the record in search of error, as mandated by Title 15, § 389 of our Code. No error appearing, the judgment and sentence must be and are affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.